UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AISHA BRADLEY,

                    Plaintiff,

            -against-

CITY OF PHILADELPHIA, ET AL.,

                    Defendants.

24-CV-8206 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Aisha Bradley filed this action *pro se*. The Court grants Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), but dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

On October 27, 2024, Plaintiff Aisha Bradley, a resident of Philadelphia, Pennsylvania, filed this complaint against 50 defendants, including: (1) the City of Philadelphia; (2) state and federal judges in Philadelphia; (3) the Philadelphia District Attorney; and (4) attorneys and employees of the City of Philadelphia and the State of Pennsylvania. According to Plaintiff:

(1) Defendants "tried to scam [her] into believing the 800 Seffert Street parcels were purchased landlocked to cover up that just compensation is due, over taxation, constitutional rights to property were violated, and etc"; (2) the Philadelphia District Attorney did not "decide" her "Private Criminal Complaint"; and (3) state and federal judges sitting in Philadelphia improperly dismissed lawsuits that she filed about these matters. (ECF 1 ¶ III.) Plaintiff seeks $700 million in damages. (*Id.* ¶ IV.) On November 7, 2024, Plaintiff filed six motions: (1) to participate in electronic case filing; (2) to serve the complaint; (3) to consolidate this case with other pending matters; (4) for "virtual court proceedings"; (5) to be "excused from presenting the court and the other parties with original copies and or paper copies"; and (6) to request *pro bono* counsel. (ECF 5-8, 10-11.)

On October 3, 2024, approximately three weeks before Plaintiff filed this complaint, she filed in this court three actions attempting to remove civil actions from the Court of Common Pleas of Philadelphia County. *See City of Philadelphia v. Bradley*, ECF 1:24-CV-7706, 1 (LTS) ("*Bradley I*"); *City of Philadelphia v. Bradley*, ECF 1:24-CV-7703, 1 (LTS) ("*Bradley II*"); *City of Philadelphia v. Bradley*, ECF 1:24-CV-7607, 1 (LTS) ("*Bradley III*"). Those submissions appear to arise out of many of the same events underlying this action. On October 15, 2024, the Court issued separate orders remanding those removal actions as improper under 28 U.S.C. §§ 1441(a), 1446(a). *See Bradley I*, ECF 19; *Bradley II*, ECF 16; *Bradley III*, ECF 15. Plaintiff has filed notices of appeal, motions, and other documents in those remanded actions.

## DISCUSSION

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under the general venue provision, a civil action may be brought in:

2

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring in Pennsylvania. Plaintiff does not allege that a substantial part of the events or omissions underlying her claims arose in this District or that any defendant resides in this District. Venue is therefore not proper in this Court under section 1391(b)(1) or (2). In light of Plaintiff's litigation history, however, the Court finds that it is not in the interest of justice to transfer this matter to the United States District Court for the Eastern District of Pennsylvania. Instead, the Court dismisses this complaint without prejudice for improper venue. *See* 28 U.S.C. § 1406(a).

## DENIAL OF LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action without prejudice for improper venue under 28 U.S.C. § 1406(a). *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin*

*v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have recognized exceptions for 'unmistakably' defective pleadings, *id.*, and serial litigation that 'reassert[s]' claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Based on [the plaintiff's] litigation history . . . no-notice *sua sponte* dismissal was appropriate here because [the plaintiff] was on constructive notice that his claims were vulnerable to dismissal.").).

## ORDER TO SHOW CAUSE

In the October 15, 2024 orders remanding *Bradley I*, *Bradley II*, and *Bradley III*, the Court warned Plaintiff that if she continued to file improper notices of removal, she could be barred, under 28 U.S.C. § 1651, from proceeding IFP in this court without first obtaining permission from the court to bring such an action. See *Bradley I*, ECF 16; *Bradley II*, ECF 19; *Bradley III*, ECF 15. In *Bradley III*, the Court extended that warning to include any other "non-meritorious actions," noting that Plaintiff

> has, on multiple previous occasions, attempted to remove a civil action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania, and that that federal district court has remanded her civil action back to that state court for lack of subject matter jurisdiction, and with directions to the Clerk of that federal district court "to refrain from filing any more submissions from Ms. Bradley without [that federal district court] giving specific authorization to do so." *City of Philadelphia v. Bradley*, No. 2:24-CV-0015, 52, 53 (E.D. Pa. Feb. 1, 2024) (notice of appeal filed Feb. 2, 2024); *City of Philadelphia v. Bradley*, No. 2:24-CV-0116, 45, 46 (E.D. Pa. Feb. 1, 2024), *appeal dismissed*, No. 24-1210 (3rd Cir. May 8, 2024); *City of Philadelphia v. Bradley*, No. 2:24-CV-269, 21, 22 (E.D. Pa. Feb. 1, 2024), *appeal dismissed*, No. 24-1211 (3rd Cir. May 8, 2024). Thus, this Court recognizes that Bradley is, and has been, well aware that any civil action that she attempts to remove from the Court of Common Pleas of Philadelphia County can only be removed to the United States District Court for the Eastern District of Pennsylvania, and not to any other federal district court, including this one. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

*Bradley III*, ECF 15 at 3.

In light of Plaintiff's litigation history, the filing injunction imposed in the Eastern District of Pennsylvania, and this Court's prior warnings, the Court finds that Plaintiff was or should have been aware that venue is not proper in this Court.

This Court cannot tolerate the abuse of its limited resources. Plaintiff is ordered to show cause why she should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further actions IFP in this court unless she first obtains permission from this court to do so. The bar order will take effect as of the date of this order.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed without prejudice for improper venue. *See* 28 U.S.C. § 1406. All pending motions are denied without prejudice, and the Clerk of Court is directed to terminate them. (ECF 5-8, 10-11.)

Plaintiff shall have 30 days to show cause by declaration why an order should not be entered barring her from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 7, 2024
         New York, New York

                         /s/ Laura Taylor Swain
                           LAURA TAYLOR SWAIN
                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Signature

_____
Name

_____
Prison Identification # (if incarcerated)

_____
Address                    City          State      Zip Code

_____
Telephone Number (if available)

_____
E-mail Address (if available)